We have two more cases to hear an argument this morning. The next case is 24-135A, Scott v. Nationwide Agribusiness Insurance. Counsel for Appellant, if you would make your appearance and proceed, please. Good morning, your honors, and may it please the court. My name is Ben Norton. I'm appearing on behalf of Leontia Scott, the appellant in this case. I'd like to reserve three minutes for rebuttal, if possible. There are five main issues that I'd like to address in my argument this morning. First, Pacheco previously addressed the question on appeal. In ruling in Nationwide's favor would require this court to overturn the decision of Pacheco. Second, the Colorado General Assembly readopted the same statutory requirements regarding liability coverage for resident relatives that were analyzed by Pacheco. This both underscores that Pacheco remains good law and that Pacheco correctly analyzed the legislative intent. Third, the district court misunderstood the statutory scheme. Fourth, Nationwide's argument would require this court to render numerous statutes meaningless and adopt a novel definition of the term insured. And five, the best source of public policy is the statute itself, which supports finding expansive liability coverage given the extensive cost of the public associated with operating motor vehicles. This case will turn on whether or not the court finds that Colorado has mandated liability coverage for resident relatives. If so, any policy language to the contrary would be void and unenforceable as an attempt to dilute, condition, or restrict that statutorily mandated coverage. If not, then Nationwide would be free to condition that coverage through its policy language as it saw fit. Fortunately for us, this court analyzed this exact same question in Pacheco. While the ultimate decision on that case involved whether or not Ms. Pacheco was entitled to uninsured motorist benefits, the court had to first look to whether or not she was entitled to mandatory liability coverage as a resident relative. But that's not really in dispute here, is it? I read the brief to say both parties agreed that Ms. Cahill was insured or fell under the definition of insured. So the reason that she is, how she is insured is important and I would posit it's dispositive in this case. If she isn't insured because Colorado has mandated liability coverage for her, then any policy language to the contrary, such as the vehicle-based restriction in Nationwide's policy, would not be enforceable. If she is insured purely based on policy language, for example, if Nationwide went above the statutory requirements, then they would be able to condition that coverage through policy language. Doesn't the statute provide a definition of insured? It does, Your Honor. And doesn't that definition include a relative? It does, Your Honor. And she is a relative, right? Yes, Your Honor. Okay, she wasn't insured. I don't see that as being the question. I mean, the question really is what the policy language says and the policy language pretty clearly says that she's excluded. Of course, I understand the policy argument that you're making, the policy, writ large policy argument, but as it relates to that argument, why is Pacheco even relevant? I mean, it is a uninsured motorist case, which has its own statute, has its own policy reasonings. I will stop there. Explain to me why it really matters. Of course, Your Honor. So in order to determine that Ms. Pacheco was entitled to uninsured motorist coverage, the court in Pacheco had to first determine that she was entitled to mandatory liability coverage. In Pacheco, much like our case, Ms. Pacheco was not considered an insured based on the policy language. That's because the vehicle that she was driving at the time of the collision was not listed on the policy declarations. Therefore, the court looked to whether she initially fit the definition of insured, which of course she did as a resident relative, that statutory definition of insured. At the time, it was in 10-4703, but includes three categories, the named insured, resident relatives, and permissive users. She fit that definition as a resident relative. It then looked to the time 10-4705 and 10-4706, which mandate liability coverage, which make liability coverage compulsory. The court found that by codifying who must be an insured and requiring compulsory liability coverage, the state of Colorado had mandated liability coverage for those class of individuals. Therefore, the attempt to dilute, restrict, or condition that mandatory coverage through policy language was void and unenforceable. Can you tell me what you mean by mandatory liability coverage? Of course, Your Honor. Where coverage has been mandated by statute, any policy language to the contrary will be unenforceable. Now, admit- So, Colorado law mandates liability coverage in CRS 619 and 620. 619 requires the coverage as compulsory, and 620 talks about the limits, the minimum limits of that policy. Well, can you point to any case where a vehicle-based liability coverage exclusion was avoided on the ground that it violates public policy? Certainly, Pacheco did that. That's not a vehicle liability case. That's an uninsured motorist case. So, if I could explain how we got to the UM in Pacheco. I'm sorry. I'll explain how we got to the uninsured motorist coverage from the liability coverage in Pacheco. So, Pacheco initially determined that the plaintiff was entitled to statutorily mandated liability policy, and then extended UM benefits because the class of individuals entitled to UM benefits must be coextensive to the class of individuals entitled to the liability policy. They first determined that she was- Uninsured motorist issue. I disagree, Your Honor. It explicitly held that the statutory definition of insured codified the class of individuals entitled to liability coverage. And that's not disputed here. The question, and therefore, as in this case, as in Pacheco, based upon the statute, this woman is insured. Okay, fine. Then the question becomes for this case whether the policy would provide coverage. In Pacheco, you had the initial question, is she insured? But then the question simply became, was there a correlation between liability insurance and uninsured motorist insurance? The answer was no. And that was deemed to be a violation of public policy. What is missing, where am I missing? What is wrong with that statement? So that statement is slightly incorrect, Your Honor. Okay, how so? So, Colorado courts have consistently found that UM coverage must be extended to anyone covered under the liability portion of the policy. And that is why- Not anybody who's insured. Anyone who isn't insured under the liability portion of the policy. And if I can briefly, that gets to one issue that we've had in this case, is that insured has traditionally been defined as one who is entitled to coverage. And that is why most case law focuses on whether someone is an insured or not. Nationwide, in this case, has taken the position that someone can be both an insured but not entitled to coverage. That is a new and novel definition that is frankly at odds even with its own policy language. It's not novel at all. Why is that at odds with its own policy language? In fact, there is policy language contemplates that somebody would be an insured, but you're just not driving the right car. I mean, you're insured in the sense that you fall within a class of insureds that would be, if other conditions are met, eligible for coverage. And so you were gonna explain to me what was wrong with my relationship with Pacheco was it seemed to me that we established the class of insureds, but then the next question and the most salient question in Pacheco was, was the same body of the same limits, the same amount of coverage available to both classifications, liability and uninsured motorists. Pacheco said, no, it was not. But that question is not an issue here. We have a separate question. The separate question is, once you establish the classification of insured, then what does a auto-centric policy do to that? What coverage follows from that? Your Honor, respectfully, I disagree with the initial premise there where if someone fits the statutory definition of insured, one, through policy language, cannot restrict coverage to that individual. The very reason that the Colorado General Assembly has adopted a definition of insured is to determine who must receive coverage under that policy. In Colorado, case law has been extremely clear that where there is a statutory mandate of coverage, any attempt to restrict that coverage through policy language is void and unenforceable. What do we do with the statute in Colorado, though, that also requires a policy to designate the vehicles for liability coverage? This is why I was asking about mandatory liability. It's compulsory, there may be minimum amounts, but it also says you have to designate the vehicles for liability. That's different than uninsured motorists, right? So I disagree, it is not different, and here's why. Because those two provisions can be read in harmony with one another rather than to the exclusion of one another. So there are three categories of insureds on the statute, named insured resident relatives and permissive users, and permissive users of the designated motor vehicles. Obviously, to know who is a permissive user, the vehicle must be designated on the policy. So it's not if you have to designate the policy, then these other classification of statutory insureds no longer get coverage. It's both, they are read together. It's both the named insured, the resident relatives, and the permissive users. And frankly, that same language that's now in 619, that language was present in CRS 10.4705, analyzed by this court in Pacheco. If anything, the fact that the Colorado General Assembly has chosen to maintain those same statutory requirements underscores that they believe that Pacheco correctly analyzed that legislative intent. Pacheco was decided in 2009, and the General Assembly is presumed to be aware of case law when it's adopting or amending statutes. Now, didn't your client also have insurance on her own car? Our client did not have uninsured motorist coverage, if that's what you're asking. There was another insurance policy. That's right, and it covered the car that the person, your client was in, that she was driving. Not my client's vehicle, but the vehicle that hit her, if that's what you're asking. Okay, so it provided some coverage for her because she was driving. There was a statement of policy on that. Okay, okay. That's right. Counsel, you're, I guess, maybe noting, at least we're probing into, with some suspicion, you're reading at Pacheco. If we distinguish Pacheco and say that applies to uninsured motorist, but not to cases like this for liability, do we lose? I don't think you'd lose, but I do think the reasoning of Pacheco is very informative. I understand you're arguing Pacheco is essentially dispositive here, but I'm saying if we distinguish Pacheco and say we think that the rationale that it violated public policy as it applied to uninsured motorist only, when that's sort of the core holding of Pacheco, if we distinguish that case, Judge Kelly asked you if you had any other case that really made your argument, and you said only Pacheco. So if we distinguish Pacheco, do you lose this appeal? It's in dicta, but the Colorado Supreme Court in the shelter case, I give you the specific site, acknowledges that liability coverage would be mandated for those defined as insureds, but that was not the ultimate determination of that case. So the effect of ruling in your favor under Pacheco, if I understand it, would be to essentially render void all of these auto-centric liability policies, right? It would require that those policies comply with the statutory definition of insured, yes, Your Honor. But on that point, I would note that this was the case under De Herrera, decided by the Colorado Supreme Court, where insurance carriers said, hey, we've not been extending UM benefits, for example, to all, regardless of the vehicle involved. This is gonna be a sea change for what we have to do. And the court there said, those sorts of policy arguments can't be elevated above the statute. And in fact, De Herrera was applied retroactively. And my question was not designed to suggest to the contrary. I'm just trying to understand. You're correct, Your Honor. I would note, with respect to the holding of, and actually, if I could reserve the rest of my time for rebuttal. May it please the Court. Gary Palumbo for Nationwide Agribusiness, the appealee. The question, in this case, is whether Nationwide Insurance Policy's limitation of an insurance liability coverage to coverage for liability arising from the use of certain vehicles is permitted under Colorado law. As relevant here, the Nationwide Policy provides coverage for liability arising from the use of, among others, the automobiles listed in the policy, and then permissive use of other vehicles. Here, Ms. Cahill, the tortfeasor in the case, was driving her own car. It was not listed in the policy because it was her son's policy. She was a resident relative of her son's house. And it was insured by another insurance company. And that insurance company indeed paid out on that policy to the appellant here, Ms. Scott, who was the injured person in the car accident. The Nationwide Policy does not cover the tortfeasor, Ms. Cahill, in this case, because she was not driving one of the policies, one of the cars listed in the policy. And she was driving her own vehicle, which was not owned by, excuse me, not listed on this policy. So that was excluded. It was owned, but not insured under the policy. As Judge Martinez noted in the lower court decision here, citing the Colorado Court of Appeals decision in Robles, these limitations, courts referred to them as auto-centric, they are consistent with the express purpose of liability insurance, which is to protect the insured from liability for damages arising from the use of specific automobiles. So the requirements for liability insurance in Colorado are in 10-4-620 and 10-4-619. The only requirement in 10-4-620 is that the coverage afforded be $25,000 per person and $50,000 per occurrence for liability, bodily injury liability insurance, and $15,000 for property damage. The nationwide policy met both of those requirements. Council, can I ask you about the statutory provision that requires a policy to designate the vehicles? Yes. Council said, well, you easily read that in harmony with the definition of insured, because if you're going to cover as insured, those persons who have permission to use the vehicle, you have to say what vehicle that is, and that's the only reason for that statute to be in. What's your response to that? I think our Colorado appellate decisions explain in much greater detail the reason for that, and at the base of liability insurance, it's vehicle-oriented. The premiums are decided based on what vehicle is insured, how many vehicles are insured. That is the purpose of the insurance. I think Judge Martinez mentioned that in his decision in talking about liability insurance follows the vehicle, whereas UIM insurance, by contrast, follows the person. I mean, we could certainly have a statute in Colorado that says every driver has to have insurance that covers that driver, no matter what he's driving, but that's not the concept of liability insurance. It never has been. This goes, this owned but uninsured limitation on liability coverage has been confirmed by the Colorado courts going back at least 50 years, at least to the Hurtado decision that we cited, and every time it's come up since, it's consistently been affirmed. I mean, to address the question that was raised to my counterpart here, there is no known case in Colorado jurisprudence where the owned but uninsured limitation has been declared void in a liability insurance context. The difference, I mean, the reason this came up with uninsured motorist is when an insurer tried to put that limitation into the definition of an insured, then it ran afoul of the uninsured motorist concept because that part of the statute says every driver everybody operating a motor vehicle who has insurance needs to be insured in case they're hit by an uninsured motorist. They need to have coverage for that. So that goes to the person, to the insured. So in the definition of an insured, you can't put a restriction on what vehicle that they're operating. That came up in Pacheco, and it came up also in the De Herrera case, but that's distinct from the situation where that owned but uninsured limitation is put into the coverage section of the liability insurance. And in that context, it has never been voided. And you look at our Colorado statutes, 6-10-623, subsection one, says that liability insurance can have any exclusion or limitation that does not run afoul of the liability insurance law. And this does not, again, we go back at least 50 years to see that it has been sustained in every circumstance when it has come up in those settings. So as the Court noted, the Pacheco case and frankly all the other cases relied on by the appellant here are uninsured motorist cases, and that's the big distinction. You can't limit the insured by what vehicle they're in, but you can, when you're talking about liability coverage, limit the extent of coverage. There was a very thorough analysis of this in the Anderson case. That also was a UIM case, but the Court of Appeals, Colorado Court of Appeals looked at the whole statutory scheme in that case, talking about the difference between liability insurance and uninsured motorist insurance. And they said there, just because a person is insured for liability doesn't mean they're insured for all circumstances. And indeed, this comports with 10-4-623, where the legislature is saying, if we haven't said you can't exclude something from liability insurance in a statute, you can exclude it. And indeed, there are many exclusions from liability insurance in statutes, excuse me, in the policy, and they're not contradictory to any Colorado statute. So the statute you're referencing is 42-7-413? That's another one. It's the one where I'm talking about any exclusion is 10-4-623. Okay. But 42-7-413, indeed, is another part of the entire statutory scheme in Colorado, and that is compelling insurance companies, when they write liability insurance, to write it for specific vehicles. Again, getting to the vehicle-centered concept of liability insurance versus the person-oriented concept of uninsured motorist insurance. You didn't cite 413 to the district court, right? That's correct. And does your argument turn on that or not? No, no, because it's consistent with 10-4-619 and 10-4-620. Those are the two statutes that Judge Martinez quoted in his decision, both of which say that with regard to liability insurance, it's to insure said vehicle, a particular vehicle, and the coverage turns on whether the liability incurred was incurred during the operation of said vehicle. So we pointed out in the appellate brief, 42-7-413 is just additional indication in the Colorado statutes, because the discussion here is, does this violate the public policy of Colorado? And I think, overwhelmingly, looking at the statutes, there's a consistent thread here that liability insurance is vehicle-centric, and that these owned but uninsured limitations on coverage have been historically and are still valid limitations on the liability coverage. I say that we're not aware of any Colorado case at any point in time under any statutory scheme that has ever avoided one of those provisions in a liability policy. So we have here an insured, Ms. Cahill, the tortfeasor, is an insured under the nationwide policy, but the liability coverage simply does not extend to her because she was not operating a vehicle designated for coverage in the policy. If the Court has no more questions, I think we can submit this and request that the judgment of the District Court be affirmed. Thank you, Counsel. Thank you. And it's just a few quick points I'd like to hit on rebuttal. To begin with, the portion of Pacheco that we're relying on is not DICTA. It was part of the holding this Court has cited to Robert Garner's The Law of Judicial Precedent. Any determination of a matter of law that is pivotal to the Court's ultimate determination is part of the holding. That is what happened in Pacheco. But more broadly, I'd like to point to the fact that Nationwide's argument that it's entitled to limit coverage for insureds based on any policy language that sees fit would render numerous statutes meaningless. Not only would it call into question what the very purpose of defining an insured by statute is, but it would also call into question the specific limitations that are written into Part 6 of Title 10. So, for example, 629 allows for exclusions of an insured based on non-payment of premiums. 630 allows to exclude a named driver specifically based on driving history or something like that. 608 allows for carve-outs for specific exemptions. There would, of course, be no need for any of those provisions if you're allowed to just limit coverage as you see fit. And I see my time is up, so if there are no other questions. Thank you, Counsel. Thank you. Case is submitted. Appreciate the arguments. Thank you.